UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE CARRANZA,<br><br>          Plaintiff,<br><br>   v.<br><br>G. LEWIS, et al.,<br><br>          Defendants. | Case No. 15-cv-00682-YGR (PR)<br><br>**NOTICE REGARDING INABILITY TO SERVE DEFENDANT B. KINROTON** |

      This Order addresses issues regarding service in the above-captioned action. Service has been ineffective on Defendant Special Services Unit Special Agent B. Kinroton. The Court has been informed that the California Department of Corrections and Rehabilitation's Office of Legal Affair "does not have [the] authority to accept service of process nor does [it] have any information re B. Kinroton." Dkt. 13 at 1.

      As Plaintiff is proceeding *in forma pauperis*, he is responsible for providing the Court with current addresses for all Defendants so that service can be accomplished. *See Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994); *Sellers v. United States*, 902 F.2d 598, 603 (7th Cir. 1990).

      While Plaintiff may rely on service by the United States Marshal, "a plaintiff may not remain silent and do nothing to effectuate such service. At a minimum, a plaintiff should request service upon the appropriate defendant and attempt to remedy any apparent defects of which [he] has knowledge." *Rochon v. Dawson*, 828 F.2d 1107, 1110 (5th Cir. 1987). If the marshal is unable to effectuate service and the plaintiff is so informed, the plaintiff must seek to remedy the situation or face dismissal of the claims regarding that defendant under Federal Rule of Civil Procedure 4(m). *See* Fed. R. Civ. P. 4(m) (providing that if service of the summons and complaint is not made upon a defendant in 120 days after the filing of the complaint, the action must be dismissed without prejudice as to that defendant absent a showing of "good cause"); *see also Walker*, 14 F.3d at 1421-22 (prisoner failed to show cause why prison official should not be

1 dismissed under Rule 4(m) because prisoner did not prove that he provided marshal with sufficient
2 information to serve official).
3   No later than **twenty-eight (28) days** from the date of this Order, Plaintiff must provide
4 the Court with a current address for Defendant Kinroton. Plaintiff should review the federal
5 discovery rules, Rules 26-37 of the Federal Rules of Civil Procedure, for guidance about how to
6 determine the current address of this Defendant.
7   If Plaintiff fails to provide the Court with the current address of Defendant Kinroton within
8 the twenty-eight-day deadline, all claims against this Defendant will be dismissed without
9 prejudice under Rule 4(m).
10   IT IS SO ORDERED.
11 Dated:                                                                                   

YVONNE GONZALEZ ROGERS
United States District Court Judge